IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ESAW LAMPKIN,<br>TDCJ-CID No. 01912325,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS BOARD OF<br>PARDONS AND PAROLES,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§  2:17-CV-185-Z<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION DISMISSING COMPLAINT**

*Pro se* Plaintiff Esaw Lampkin ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division. On September 19, 2017, Plaintiff filed a complaint against Defendant State of Texas Board of Pardons and Paroles ("Defendant") pursuant to 42 U.S.C. § 1983. Plaintiff filed a companion habeas case, 2:17-CV-220, alleging the same claims and seeking release from custody on parole. That habeas case was dismissed. For the reasons stated below, Plaintiff's complaint in this case is also DISMISSED.

**I. JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. PLAINTIFF'S CLAIMS

Plaintiff claims that Defendant denied him due process during his 2017 parole hearing. ECF No. 3 at 4. Specifically, Plaintiff argues that he was not allowed to be physically present and speak "face to face" with the parole board members at his hearing to present rehabilitation evidence. *Id.* Furthermore, Plaintiff argues that the location of the parole board members during his hearing—which was not located in Potter County, Texas—also violated his due process rights.

## III. ANALYSIS

To obtain relief under 42 U.S.C. § 1983, a plaintiff must demonstrate the violation of a constitutional right. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." (citations omitted)). Thus, to the extent that Plaintiff seeks relief regarding alleged due process violations resulting from the parole review process, this Court must therefore dismiss such claims. Thus, Plaintiff's claims are not cognizable and should be dismissed with prejudice.

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

Additionally, Plaintiff's habeas claims were addressed by his companion case, 2:17-CV-220. To the extent that Plaintiff also seeks release from custody—rather than a new parole hearing—in the instant case, such claims are duplicative of his other litigation and must also be dismissed.

### IV. ORDER

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that the Plaintiff's complaint (ECF No. 3) filed pursuant to 42 U.S.C. § 1983 is DISMISSED with prejudice.

**SO ORDERED.**

June 3, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE